IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-01185-NYW

JAMES H. CODDING,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY COMPANY and VIKING INSURANCE COMPANY OF WISCONSIN.

Defendant.

## CONFIDENTIALITY AND PROTECTIVE ORDER
## BETWEEN PLAINTIFF AND DEFENDANT VIKING INSURANCE

Upon consideration of the parties' stipulation for a Protective Order concerning documents and information to be disclosed during discovery, which one or more parties claim constitute Confidential Information, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is ORDERED as follows:

1) Any document or information produced or exchanged by any of the parties to this action, or any of their attorneys, which a party believes, and counsel of record reviews and certifies pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, in good faith is of a confidential nature, may be designated as confidential. All such documents, and all copies, (referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order.

2) It is anticipated that documents designated by Defendant Viking Insurance Company of Wisconsin ("Defendant Viking") may be documents that contain proprietary or trade secret information. This listing of the types of Confidential Information designated by Defendant Viking is illustrative only. It is not meant to include all types of Confidential Information that may be designated by the parties.

3) A party may designate documents described in this Order as Confidential Information:
    a) By imprinting the word "Confidential" on the document; or
    b) By a statement on the record at a deposition or hearing, or
    c) With respect to transcribed deposition testimony, by giving written notice to opposing counsel and the court reporter of a designation of such portions of the transcript that should be Confidential Information. Such written notice should occur no later than ten calendar days after receipt of the transcribed testimony.

    4) Each and every page of each document designated as Confidential Information shall be stamped or marked. If it is not feasible to stamp or mark each page of the documents, appropriate measures, such as the use of binders or containers to house such documents shall be taken.

    5) Neither the Confidential Information, nor its contents, shall be disclosed to any other person without the agreement of the party designating the information as confidential, except that counsel may, without further agreement or court order (and except as provided in paragraph 5), disclose the Confidential Information to the following persons for use solely in connection with this action under the following conditions:

        a) Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

        b) The individually names parties to this action;

        c) Experts or consultants retained by the parties with respect to this action;

        d) Any person from whom testimony is taken or is reasonably expected to be taken in this action (whether in deposition or at trial);

        e) Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action;

        f) A third party who will arrange for copying and delivery of the documents pursuant to this Protective Order (i.e. a courier service or copy service); and

        g) <u>The court and its personnel</u>.

    6) Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person or entity. Individuals given access to Confidential Information because they are experts or consultants retained by the parties with respect to this action shall sign an affidavit in form of Exhibit A upon receipt of the Confidential Information<u>, except the court and its personnel</u>.

    7) The party's counsel who receives Confidential Information or discloses Confidential Information to authorized persons as provided in paragraph 3 shall be responsible for assuring compliance with the terms of this Protective Order. The party's counsel shall obtain and retain the original affidavits signed by the expert or consultant recipients of the Confidential Information.

    8) No copies of Confidential Information shall be made except by, or on behalf of counsel in this litigation, and such copies shall be made and used solely for purposes of this litigation. All individuals who have signed the Affidavit referred to in paragraph 6 will be bound by the terms of this Order.

    9) If the opposing party objects to the designation of documents or other information as "Confidential Information", the opposing party shall promptly inform the other party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve the

dispute. Counsel shall make themselves available to confer concerning the disputed matter within 10 days of receipt of written objections. If after such good faith attempt, all counsel are unable to resolve the dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 25 days of receipt of the opposing party's objection. The documents or information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

10) Counsel for the party designating any document as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

11) Any party wishing to use any Confidential Information in any brief, memorandum, affidavit, or other paper filed with the Court shall ~~indicate when the document is filed that the document is filed under seal~~file the appropriate motion to restrict pursuant to D.C.COLO.LCivR 7.2.  Nothing in this Order is to be construed as an obligation by the court to restrict any document or paper, even if it has been designated confidential or contains confidential information by the Parties.

12) The termination of this action shall not relieve counsel or other persons obligated under this Protective Order from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13) Upon termination of this litigation, including any appeals, each party's counsel shall as soon as practicable return to the producing party all of the Confidential Information provided subject to this Protective Order or destroy all of the Confidential Information. At that time, counsel shall also file with this Court verification that any documents provided to all individuals authorized to receive Confidential Information have been destroyed. If the Confidential Information is destroyed counsel shall provide the Court with a verification of destruction.

14) The following exception is made to the return and destruction requirements of the preceding paragraph 13. Records retained by Defendant Viking shall be destroyed at the earliest date that is in accordance with insurance regulations, hold orders issued by other courts, and statutory requirements. In connection with the performance of Defendant Viking's insurance functions, nothing in this Order shall prohibit, restrict, or require an authorization for the retention, use, or disclosure of nonpublic personal and medical information and records as authorized or required by federal or state law or regulation, or court order or rule (including preservation of evidence relevant to litigation under court rules such as *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)). At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which are the subject of this Protective Order shall be returned to the Defendant, or the parties may elect to destroy the confidential documents. Each party's counsel shall be permitted to keep one copy of any work product for its files that may reference CONFIDENTIAL documents. However, such work product shall be kept in a confidential manner until destroyed as part of counsel's regular file retention and destruction process.

15) Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Colorado Rules of Civil Procedure.

16) This Protective Order shall not apply to the disclosure of Confidential Information at the time of trial. The closure of trial proceedings and sealing of the trial record involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of either of the parties.

Dated this 31st day of August, 2015.

BY THE COURT:

s/ Nina Y. Wang
~~Judge/Magistrate~~
United States Magistrate Judge